### JEREMIAH WINSLOW *versus* THOMAS NORTON.

Bills of lading are transferable by indorsement, and when thus transferred by the consignee, to a *bona fide* purchaser, without notice of adverse claims, they pass the legal title, and operate as a sale and transfer of the property to the indorsee.

Where no laches are imputable to the indorsee in taking possession of the property, as soon as its arrival from sea, the sale to him cannot be defeated.

TROVER for twenty barrels of ale. At the trial, before WELLS, J., it appeared that one Carroll shipped at New York, twenty barrels of ale, and took a bill of lading from the master, for the delivery of it at Portland, to R. R. Robinson or to his assigns. The bill of lading was sent to Robinson, together with a draft

for the payment of the ale, and was accepted by him before the arrival of the vessel.

Robinson not being able to pay the draft, indorsed the bill of lading to the plaintiff. Nathan Winslow acted as the plaintiff's agent in doing the business. Nathan paid the draft from the funds of the plaintiff, kept a lookout for the vessel, and as soon as he heard of her arrival, which was the next day after she arrived, he called on the captain for the ale, and was informed that it was attached by the defendant as a deputy sheriff, on a demand against Robinson, and the sheriff refused to give it up.

*Nathan Winslow* was offered as a witness for plaintiff, but objected to. His testimony was received, evidence being furnished that he had a discharge from the plaintiff of all liability in this matter, but which could not be found at the time of the trial.

It was agreed that the Court might enter a nonsuit or default as the law might require, and if a default was entered, the Court should assess the damages.

*Goodenow*, for defendant, maintained these positions.

1. Norton justifies as an officer, attaching the property as R. R. Robinson's, on a writ in favor of Elisha Hinds. The property was Robinson's, and was attached before any legal transfer to the plaintiff. There was no delivery to plaintiff, and an indorsement of the bill of lading, without delivery of the property, did not pass the property as to third parties. *Lanfear* v. *Sumner*, 17 Mass. 110; *Buffington & al.* v. *Curtis & al.*, 15 Mass. 528.

2. The indorsement of the bill of lading and delivery of it to Nathan Winslow, did not pass the property to plaintiff. Nathan was not the agent at the time. A subsequent ratification by plaintiff of Nathan's acts could not affect the vested rights of an attaching creditor. *Clark* v. *Peabody*, 22 Maine, 500.

*Fox*, for plaintiff.

Howard, J. — The property, which is the subject of contest in this suit, was shipped by Carroll, at New York, for Portland,

January 10, 1848, and consigned to Robinson, or his assigns; and a bill of lading, in the usual form, with a draft on Robinson for the amount, payable at sight, were transmitted at the same time. Robinson received the bill of lading, and accepted the draft, and not being prepared to pay it, indorsed and delivered the bill of lading to the plaintiff, upon the verbal promise of his agent, N. Winslow, to pay it. The draft was paid on that, or the following day, by the agent, for the plaintiff, from the funds of the latter, and several days before the arrival of the vessel, in which the property was shipped.

The agent testified that he made frequent inquiries for the vessel; that he was on the lookout for her, and having heard, about noon, of her arrival one day, he called on the master, for the property, and was then informed that it was attached by a creditor of Robinson. The defendant was the attaching officer, and defends this suit for such creditor.

Bills of lading are transferable by indorsement, according to well settled principles of commercial law; and when thus transferred by a consignee, whether buyer or factor, or the mere agent for the owner, to a *bona fide* purchaser, for a good consideration, without notice of adverse claims, they pass the legal title of the property to the indorsee.

The indorsement of the bill of lading, by Robinson, appearing to have been *bona fide*, and for a valuable consideration, operated as a sale and transfer of the property, then at sea, to the plaintiff. Abbott on Shipping, 381, 382; *Walley* v. *Montgomery*, 3 East, 585; *Cuming* v. *Brown*, 9 East, 506 ; *Evans* v. *Marlett*, 1 Ld. Raym. 271 ; *Newcomb* v. *Thornton,* 6 East, 22, (Day's Edition) note, opinion of BULLER, J. in *Lickbarrow* v. *Mason,* before the House of Lords ; *Conard* v. *Atlantic Ins. Co.* 1 Peters, 445 ; 2 Kent's Com. 548, 549; *Gardner* v. *Howland,* 2 Pick. 599; *Peters* v. *Ballistier &* *al.* 3 Pick. 495 ; *Lanfear* v. *Sumner,* 17 Mass. 112.

But the agent of the plaintiff being on the lookout, took possession of the property, as soon as its arrival was known to him ; or was prevented in effecting actual possession, by the interference of the defendant. No laches can be imputed to the plain-

tiff, in this respect, by which the sale to him can be defeated. *Joy* v. *Sears,* 9 Pick. 4; *Turner* v. *Coolidge,* 2 Metc. 350; *Brinley & al.* v. *Spring,* 7 Greenl. 241; *D' Wolf* v. *Harris,* 5 Mason, 515.

After the assignment of the bill of lading, Robinson ceased to have any interest in the property, either as consignee, or owner. The attachment, therefore, was inoperative, and the defendant a mere stranger.

Objection was made to the competency of N. Winslow, as a witness for the plaintiff; but this objection was fully obviated by the plaintiff's release at the trial. Greenl. Ev. § 416.

The nature and extent of N. Winslow's agency for the plaintiff, although disputed by the defendant, is not now properly in controversy. It is sufficient for the disposition of this case, and for these parties, that the plaintiff recognized, ratified and adopted his acts as agent, in purchasing the property, and in commencing and prosecuting this suit to recover it.

Upon the law of the case, and the evidence submitted to us, the defendant must be defaulted, and the plaintiff must have judgment for the value of the property claimed, when converted, deducting freight, with interest since that time.