FIRST NATIONAL BANK OF PEORIA v. THE NORTHERN RAILROAD.

A common carrier by railroad, who delivers goods intrusted to him for carriage, without production of the bill of lading describing the goods, is liable in trover for their value to a *bona fide* holder of such bill, taken for value, before the delivery of the goods at destination.

TROVER, for corn.  The plaintiffs hold a bill of lading, issued at Goodland, Ind., Dec. 12, 1874, by the P. C. & St. L. R. Co., of the corn consigned to N. B. Haynes & Co., Enfield, N. H.  Under the consignment was written, " Notify Wyman Pattee, care N. D. Line." Dec. 22, 1874, while the corn was on its way to Enfield, Haynes & Co. borrowed of the plaintiffs $1,305—the value of the corn after deducting freight charges—on their draft drawn on Pattee for that amount, and endorsed and delivered to the plaintiffs the draft, together with the bill of lading and an invoice of the corn shipped.  The draft, bill of lading, and invoice were sent at once to the plaintiffs' attorney, at Concord, N. H., who made demand on Pattee for payment, which was refused, and neither the draft nor the debt of Haynes & Co. to the plaintiffs has ever been paid.  The defendants delivered the corn to Pattee without the production of the bill of lading, draft, or invoice.  Demand was made on the defendants for the corn, which was refused, and this suit was brought.  The question is reserved, whether or not on these facts the plaintiffs can maintain trover.

*Sargent & Chase*, for the plaintiffs.

*Mugridge*, for the defendants.

ALLEN, J.  The transfer of a bill of lading to a *bona fide* purchaser, for value, or as security to one who makes advances on the goods described in the bill, entitles the assignee or pledgee to the possession of such goods, subject only to the lien of the carrier for freight, or to the claims of a consignee into whose possession the property may have come before transfer of the bill of lading.  *Lickbarrow* v. *Mason*, 6 East 21 ; *Walter* v. *Ross*, 2 Wash. 283 ; *Ryberg* v. *Snell*, *id.* 294; *Winslow* v. *Norton*, 29 Me. 419 ; *Emery's Sons* v. *Irving Nat. Bank*, 25 Ohio 360 ; S. C., 18 Am. Rep. 299.  The delivery of the bill of lading takes the place of delivery of the goods, for no delivery of the latter is practicable at the time, and the symbolical delivery of the bill is sufficient to pass the title.  *Ricker* v. *Cross*, 5 N. H. 570; *Portland Bank* v. *Stacey*, 4 Mass. 663 ; *Pratt* v. *Parkman*, 24 Pick. 46 ; *Gardner* v. *Howland*, 2 Pick. 601.  The bill of lading represents the property, and is transferred by delivery merely, without regard to indorsement or words of negotiability on its face, and by such transfer the assignee acquires the assignor's rights in the property, and he may maintain an action for its loss or conversion in his own name.  The goods, in this case, were consigned in the bill to Haynes & Co., the shippers, and only they, or some person by them authorized, were entitled to receive them of the defendants.  By the transfer of the bill, the plaintiffs became so authorized and entitled, and having made a demand for the delivery of the corn, followed by the refusal of the defendants, they are entitled to maintain trover for its conversion.

*Case discharged.*

FOSTER and STANLEY, JJ., did not sit.